**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

## CHAPTER 13 PLAN (Individual Adjustment of Debts)

■ _____ Original Plan
☐ _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)
☐ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: George Guido DiTomaso    JOINT DEBTOR: Rosalie Ann DiTomaso    CASE NO.: _____
SS#: xxx-xx-1889                 SS#: xxx-xx-3444

### I. NOTICES

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

To Creditors: Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To All Parties: The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | Included | Not included |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ | ■ |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ | ■ |
| Nonstandard provisions, set out in Section IX | ■ | ☐ |

### II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

A. **MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $143.12 for months 1 to 21;
2. $777.80 for months 22 to 60;

B. **DEBTOR(S)' ATTORNEY'S FEE:**   ☐ NONE   ☐ PRO BONO

| Total Fees: | $5,000.00 | Total Paid: | $400.00 | Balance Due: | $4,600.00 |
|---|---|---|---|---|---|
| Payable | $130.11 | /month (Months 1 to 21) | | | |
| Payable | $707.09 | /month (Months 22 to 23) | | | |
| Payable | $453.51 | /month (Months 24 to 24) | | | |

Allowed fees under LR 2016-l(B)(2) are itemized below:

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

### III. TREATMENT OF SECURED CLAIMS   ☐ NONE

A. **SECURED CLAIMS:**   ■ NONE
B. **VALUATION OF COLLATERAL:**   ■ NONE
C. **LIEN AVOIDANCE**   ■ NONE
D. **SURRENDER OF COLLATERAL:**   ■ NONE
E. **DIRECT PAYMENTS**   ☐ NONE

Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee. The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon

LF-31 (rev. 04/01/22)                                    Page 1 of 3

Debtor(s): George Guido DiTomaso, Rosalie Ann Di   Case number: _____

confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | US Bank | 1445 | 2018 Hyundai Elanta GT |

IV.  **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]   ☐ NONE

    A.  **ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:**  ■ NONE

    B.  **INTERNAL REVENUE SERVICE:**   ■ NONE

    C.  **DOMESTIC SUPPORT OBLIGATION(S):** ■ NONE

    D.  **OTHER:**  ■ NONE

V.  **TREATMENT OF UNSECURED NONPRIORITY CREDITORS**   ☐ NONE

    A.  Pay  $0.00   /month (Months  1  to  23 )

        Pay  $253.58  /month (Months  24  to  24 )

        Pay  $707.09  /month (Months  25  to  60 )

    Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

    B.  ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

    C.  **SEPARATELY CLASSIFIED:**   ■ NONE

VI.   **STUDENT LOAN PROGRAM**   ■ NONE

VII.  **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**   ■ NONE

VIII. **INCOME TAX RETURNS AND REFUNDS:**

    ■ Debtor(s) will not provide tax returns unless requested by any interested party pursuant to 11 U.S.C. § 521.

IX.   **NON-STANDARD PLAN PROVISIONS**  ☐ NONE

■ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

    1. The Chapter 13 Plan payments increase in month 22 upon completion of the required payments for the Debtor's 401(k) loan payments.

☐ Mortgage Modification Mediation

Debtor(s): George Guido DiTomaso, Rosalie Ann Di    Case number: _____

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

_[signature]_ Debtor    11/12/2023    _[signature: Rosalie DiTomaso]_ Joint Debtor    11/12/2023
George Guido DiTomaso    Date    Rosalie Ann DiTomaso    Date

_____    _____
                                          Date
Attorney with permission to sign on Debtor(s)' behalf who certifies that the contents of the plan have been reviewed and approved by the Debtor(s).[1]

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.**

---

[1] This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.